U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 25 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Maneaux             Civil Action No. 6:13-CV-00033

versus               Judge Richard T. Haik, Sr.

Denson, et al           Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is defendants' First Motion In Limine [Rec Doc. 49], *pro se* plaintiff, Donald J. Maneaux's, opposition [Rec. Doc. 56] and Submissions of Evidence Supporting Comparators [Rec. Docs. 87, 88] and defendants' Reply thereto [Rec. Doc. 91].

Plaintiff filed this race discrimination claim under 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), alleging in part that he was terminated on December 16, 2009, because of his race in that defendants treated him differently than white employees with respect to discipline and termination. Defendants contend that during the 22 months before his 2009 discharge, plaintiff was repeatedly counseled, issued a written warning, and suspended for 3 days - all for poor job performance and insubordination. *R. 38-2, Exhs. A, A-1*. Defendants further contend that following the repeated incidents of misconduct and failure to adequately perform his assigned duties, plaintiff was discharged for an incident in which he failed to properly monitor production Unit No. 2 which would have caused a spill except for another operator, Tam Rosamond, noticing and addressing the issue. *R. 38-2, Exh. A*.

Defendants filed this motion in limine moving the Court to exclude evidence regarding incidents of misconduct and subsequent disciplinary actions involving seven

present and former employees, Johnny Schexnayder, Derwin Viator, Kurt Romero, Chris Hebert, Tam Rosamond, Tana Phillips and Ken Sims, which plaintiff identified in his deposition. Defendants assert these individuals are not "similarly situated" as required by Fifth Circuit jurisprudence for the purpose of establishing or proving disparate treatment under Title VII.

Plaintiff's assertions related to these seven employees are based solely on his deposition testimony, as follows:

(1) Johnny Schexnayder, a "Relief Supervisor," was suspended with documentation to his personnel file when he "ran over [a co-worker] while horse-playing with a golf cart." *R. 34-5, Plaintiff's Depo., pp. 178-180*;

(2) Derwin Viator was suspended in 2004 or 2005, 4 or 5 years prior to plaintiff's termination, for "falsely recording the calibrating equipment." *Id., pp. 181-182*;

(3) Kurt Romero was "terminated for using profanity on or toward Matthew Chaisson, the Personnel Manager, and being insubordinate by refusing to work on a unit problem after 3:30 p.m. sometime in 2008 or 2009" and was later rehired. *Id., pp. 182-183*.

(4) Chris Hebert stuck a rod in a running mixer that he thought was down but was working, which resulted in loss of production. *Id., pp. 186-188*. Plaintiff contends Hebert was suspended 10 days with no pay and received a disciplinary letter.

(5) Tam Rosamond threatened to kill two co-workers who were teasing him and as a result, he was sent to anger management and forced to sign a "last chance agreement" in

2

which he agreed that any other offense would be a ground for automatic termination. *Id., pp. 165-166, 186.*

(6) Tana Phillips had a disagreement with Denson and was "just ranting, ranting and ranting, and [Plant Manager] Denson was just like more less saying you [Ms. Phillips] need to calm down, and she wouldn't stop the rant." *Id., pp. 176-177.*

(7) Ken Sims, a Supervisor and Operator, "blew up the unit in the Unit 5 Dryer." *Id., pp. 180, 181.*

Defendants contend that even assuming plaintiff's allegations as to the seven employees are true, the employees are not comparable to Maneaux because Schexnayder, Phillips and Sims held different positions than Maneaux's operator position and Viator, Romero, Hebert and Rosamond's violations involved offenses different from Manueaux's numerous offenses. Defendants further contend that Viator's offense occurred four or five years before Maneaux was termination and Manueax conceded his information related to Phillips' and Sims' offenses was not first-hand. *Id., pp. 177, 180-181.*

On February 13, 2014, the Court issued an order deferring ruling on the Motion in Limine pending plaintiff's submission of evidence in support of each employee he contends is a "comparator" in proving his alleged disparate treatment. As instructed by the Fifth Circuit, in order to succeed under a theory of disparate treatment, the plaintiff-employee bears the burden of proof to show that he was treated less favorably than similarly situated employees under nearly identical circumstances. *See, Lee v. Kansas City Southern Ry. Co.,*

3

574 F.3d 253, 259 (5th Cir. 2009). In order to proffer such employees at trial, the plaintiff must present evidence that the proposed employee-comparator was similar to him in: (1) his job or responsibilities; (2) his supervisor or superior who made decisions regarding his employment status; (3) his violation history; and most importantly, (4) his conduct must be similar to that which lead to plaintiff's termination. *Id.* It is sufficient that the ultimate decision maker as to the employees' continued employment is the same individual, even if the employees do not share an immediate supervisor. Each employee's track record at the company need not comprise the identical number of identical infractions, albeit these records must be comparable. *Id.* at 260-261. The Court ordered that plaintiff submit such evidence by March 14, 2014 and that defendant could file a response to any filing made by plaintiff by March 21, 2014.

On February 20, 2014, plaintiff filed a Partial Submission of Evidence Supporting Comparators stating that, based on the evidence in his possession, Chris Hebert was a "nearly identical" comparator in that they both reported to the same supervisor and plant manager and they had the same responsibilities. While plaintiff states he does not know the history of Hebert's violations, after plaintiff was terminated Hebert personally told plaintiff that he "stuck an object in a high speed industrial mixer while it was still running." Plaintiff further states that Hebert told him he received a two week suspension without pay. Plaintiff contends that the offense "is an automatic terminated event." *R. 87.*

Plaintiff submitted a subsequent Submission on February 24, 2014, adding three new

4

comparators: Larry Jackson, Sean Verrette and Derrick Parro, and contended that the defendants have withheld documents related to the comparators. Contrary to his contention that documents have been withheld, in his February 20, 2014 Submission plaintiff attached a "Letter of Reprimand-Final Warning" from defendants to Tam Rosamond dated February 27, 2008. The letter indicates that Rosamond "had a history of not being able to control [his] anger" and stated that he had a verbal confrontation with employees, challenged them to meet him outside the plant gate and intended to physically fight them. Defendants ordered Rosamond to receive anger management services and failure to do so would result in his termination. Also, the record indicates that plaintiff filed a Motion to Compel Documents on November 20, 2013, in which he requested the personnel file of an African American employee, Dorian Bourgeios. *R. 66*. Although defendants opposed the motion as untimely, they stated that they would comply with plaintiff's request. *R. 73, 80*. On January 1, 2014, the Magistrate Judge issued an order granting the motion in part and denying it in part. *R. 81*. On February 20, 2014, defendants supplemented the Pre-trial Order in compliance with the Magistrate Judge's order. *R. 86*.

Of the seven employees plaintiff testified to as being treated more favorably because they were Caucasian, plaintiff listed only Tam Rosamond and Tana Phillips as witnesses he will call at trial and listed no exhibits related to these witnesses in the Pre-Trial Order. *R. 60*. While plaintiff stated he will call the same persons listed by defendants, defendants named

5

only two of the seven witnesses, Chris Hebert and Tam Rosamond.[1] *Id.* Hence, four of the original seven employee-witnesses addressed in defendants' Motion and the additional three employee-witnesses plaintiff named in his Response were late-designated after the Pre-Trial Order was entered.

The Court is to consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). Here, with the exception of Tam Rosamond and Chris Hebert, plaintiff's assertions related to the original seven employee-witnesses are based solely on hearsay and he has provided no information as to the additional three employee-witnesses. Thus, the importance of these witnesses' testimony is unknown and plaintiff has failed to provide the Court with any reason he did not identify them in his Pre-trial Order. Moreover, of the original seven witnesses only Viator, Romero, Rosamond and Hebert were identified as holding an operator position and only Rosamond and Hebert were timely listed as witnesses in the Pre-trial Order. Although "we construe *pro se* [briefs] liberally, *pro se* litigants ... must abide by the Federal Rules of Appellate Procedure." *See United States v.*

---

[1] Defendants list all seven employees as "Provisional witnesses" in the Pretrial Order, limiting their inclusion as being only in the event the Court denies its motion in limine. Defendants also lists disciplinary history excerpts from these employees' personnel files as "Provisional exhibits."

*Wilkes*, 20 F.3d 651, 653 (5th Cir.1994). However, while the Court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).

Because these employees held the same position as plaintiff, dealt with the same supervisor and were subject to the same standards governing performance evaluation and discipline, the Court will allow plaintiff to question them in that regard. Thus, with the exception of Rosamond and Hebert, the Court finds that plaintiff has not met the "similarly situated" standard articulated in *Lee* and any such testimony from the remaining proposed comparators' is irrelevant and would merely confuse the jury.

Accordingly,

**IT IS ORDERED** that the defendants' First Motion In Limine [Rec Doc. 49] is **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 25th day of March, 2014.

RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE